UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH SCIASCIA and FRED JORDAN as Trustees
of the SPECIAL AND SUPERIOR OFFICERS
BENEVOLENT ASSOCIATION WELFARE FUND
and JOSEPH SCIASCIA as PRESIDENT of the
SPECIAL       AND       SUPERIOR       OFFICERS
BENEVOLENT ASSOCIATION,

**AMENDED COMPLAINT**

                                            Plaintiffs,

Civil Action No.: 14-2494
                              (DRH)(AKT)

                    -against-

PRIME PROTECTIVE SERVICES, INC., PRIME
PROTECTIVE, INC., PRIME SECURITY &
INVESTIGATIVE       SERVICES,       LLC,       PRIME
SECURITY          SERVICES,          INC.,          PRIME
PROTECTIVE BUREAU, and TERRY ENGLISH,

                                            Defendants.
-------------------------------------------------------------------X

Plaintiffs, JOSEPH SCIASCIA and FRED JORDAN as Trustees of the SPECIAL AND

SUPERIOR OFFICERS BENEVOLENT ASSOCIATION WELFARE FUND, (hereinafter, the

"Fund"), and JOSEPH SCIASCIA as PRESIDENT of the SPECIAL AND SUPERIOR

OFFICERS BENEVOLENT ASSOCIATION (hereinafter the "Union") by and through their

attorneys, Archer, Byington, Glennon & Levine, LLP. as and for their complaint, respectfully

allege as follows:

## NATURE OF ACTION

1.      This action arises under Section 301 of the Labor Management Relations Act of

1947 (the "LMRA"), 29 U.S.C. § 185, and Sections 502(a)(2) and 502(a)(3) of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and

1132(a)(3).  Plaintiffs bring this action to recover unpaid fringe benefit contributions and for

defendants' breach of fiduciary duty and violation of Sections 515, 406, and 404 of ERISA, 29

U.S.C. §§ 1145, 1106 and 1104, and for failing to comply with their statutory and contractual

obligations arising by virtue of defendant Prime Security Services, Inc.'s collective bargaining

agreement with the Union, and for declaratory and injunctive relief pursuant to the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA,

29 U.S.C. §§ 1132(e)(1) and (f), by Section 301(a) of LMRA, 29 U.S.C. § 185(a), and under

28 U.S.C. § 1331 and § 1367.

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §

1132(e)(2), and under Section 301(c) of LMRA, 29 U.S.C. § 185(c). Service may be made on

defendant in any district in which defendant may be found pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES AND BACKGROUND

4.      Plaintiffs, Joseph Sciascia and Fred Jordan are fiduciaries of the Fund within the

meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132.

5.      Plaintiff Joseph Sciascia is president of the Union, a labor organization within the

meaning of Section 301(a) of LMRA, 29 U.S.C. § 185(a), which represents employees in an

industry affecting commerce as defined in 29 U.S.C. § 142. The Union maintains its principal

office and is administered at 199 North Wellwood Avenue, Lindenhurst, New York 11757.

6.      At all relevant times, Plaintiff Fund is and has been an employee benefit welfare

plan as defined in ERISA, 29 U.S.C. § 1002(1) and (2), and multi-employer plans within the

meaning of ERISA, 29 U.S.C. §§ 1145 and 1002(37)(A). The Fund is at all relevant times a

2

"Taft Hartley" plan, meeting the requirements of 29 U.S.C. § 186(c)(5). The Fund is administered and has a principal place of business within the State of New York at 199 North Wellwood Avenue, Lindenhurst, New York 11757.

7.      Plaintiff Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The purpose of the Fund is to receive and collect required benefit contributions and to provide welfare benefits to eligible employees on whose behalf employers contribute to the Fund pursuant to Collective Bargaining Agreements (hereinafter the "CBA"). The Fund is operated pursuant to the terms of Written Agreements and Declaration of Trust (hereinafter the "Trust Agreements").

8.      Upon information and belief, defendant Prime Security Services, Inc., is a sole proprietorship, partnership, joint venture, and/or incorporated or unincorporated business enterprise organized and existing under the laws of the State New York, with a place of business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

9.      Upon information and belief, defendant Prime Protective, Inc., is a corporation organized, existing and/or authorized to do business under the laws of the State of New York, with a place of business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

10.     Upon information and belief, defendant Prime Protective Services, Inc., is a sole proprietorship, partnership, joint venture, and/or incorporated or unincorporated business enterprise organized and existing under the laws of the State of New York, with a place of business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

11.     Upon information and belief, defendant Prime Security & Investigative Services, LLC is a limited liability corporation organized, existing and/or authorized to do business under

the laws of the State of New York, with a place of business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

12.     Upon information and belief, defendant Prime Protective Bureau is a sole proprietorship, partnership, joint venture, and/or incorporated or unincorporated business enterprise organized and existing under the laws of the State of New York, with a place of business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

13.     Upon information and belief, and at all relevant times, defendant Terry English ("English") is an individual with a residence and/or business and/or mailing address at 473 Willis Avenue, Bronx, New York 10455.

14.     Upon information and belief, and as more fully set forth herein, defendants Prime Protective Services, Inc., Prime Protective, Inc., Prime Security & Investigative Services, LLC, Prime Security Services, Inc., Prime Protective Bureau (hereinafter "Company Defendants") are each an "employer" within the meaning of the National Labor Relations Act, Section 2(2), 29 U.S.C. §§ 142(3) and 152(2), and Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

15.     To the extent that any of the Company Defendants, and/or English (hereinafter, individually and collectively, the "Defendants"), exercised any authority or control with respect to the management or disposition of assets of the Fund, the Defendants are fiduciaries within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

16.     Upon information and belief, defendant English executed a collective bargaining agreement with the Union under the name and style of Prime Security Services, Inc. upon information and belief, a sole proprietorship and/or unincorporated business entity with a business address at 473 Willis Avenue, Bronx, New York 10455.

4

17.     Upon information and belief, at all relevant times hereto, defendant English is and has been engaged in business, individually and/or under trade name(s), as a sole proprietorship and/or partner and/or joint venturer, under the name and style Prime Security Services, Inc.

18.     To the extent that the defendants exercised any discretionary authority or control with respect to the management or disposition of assets of the Fund, they are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

19.     The defendants are parties in interest with respect to the Fund as defined in ERISA, 29 U.S.C. § 1002(14)(H), and act directly as employers and/or indirectly in the interests of employers in relation to the Fund within the meaning of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CLAIM FOR RELIEF

20.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 19 hereof, as if fully set forth herein and with the same force and effect.

21.     At all relevant times, Plaintiff Union, on behalf of its members, and Prime Security Services, Inc. have been party to or otherwise bound by a CBA governing rates of pay, wages, hours and other conditions of employment of Union members and others employed by Defendants within the jurisdiction of the Union. At all times mentioned herein, the CBA has been in full force and effect.

22.     Upon information and belief, the CBA was executed on behalf of Prime Security Services, Inc. by defendant English as principal of Prime Security Services, Inc.

23.     Pursuant to the CBA, Prime Security Services, Inc. has agreed and is obligated to pay employee benefit contributions and assessments to the Fund in agreed amounts employees covered by the CBA.

24.     Pursuant to the CBA, Prime Security Services, Inc. is subject to and bound by the Trust Agreements.  The CBA and the Trust Agreements provide, among other things, that an employer delinquent in the payment of fringe benefit contributions shall be liable for all contributions owed, together with liquidated damages, interest, attorneys' fees, court costs, and audit fees, all in accordance with ERISA.

25.     Upon information and belief, English is now, and was at all relevant times, the controlling shareholder and/or the controlling corporate officer and/or management employee of each of Prime Security Services, Inc., Prime Protective Services, Inc., Prime Protective, Inc., Prime Security & Investigative Services, LLC, and Prime Protective Bureau.

26.     Upon information and belief, English is now, and was at all relevant times, directly responsible for the day to day management of the business and affairs of each of the Company Defendants.

27.     Upon information and belief, at all relevant times, the Company Defendants have shared common ownership and corporate officers and/or directors.

28.     Upon information and belief, at all relevant times, the Company Defendants conducted business operations out of the same location.

29.     Upon information and belief, at all relevant times, the Company Defendants have shared common equipment.

30.     Upon information and belief, at all relevant times, the Company Defendants have shared common management.

31.     Upon information and belief, at all relevant times, the Company Defendants have shared common supervision.

32.     Upon information and belief, at all relevant times, the Company Defendants have shared common control over labor relations.

33.     Upon information and belief, at all relevant times, the Company Defendants have shared common professional and administrative services, including office staff.

34.     Upon information and belief, at all relevant times, the Company Defendants have shared common customers.

35.     Upon information and belief, at all relevant times, the Company Defendants have interchanged employees.

36.     Upon information and belief, at all relevant times, employees of the Company Defendants have shared similar working conditions.

37.     Upon information and belief, at all relevant times, employees of the Company Defendants have shared similar skills, job classifications, and job functions.

38.     Upon information and belief, at all relevant times, employees of the Company Defendants reported to, and/or were directed and/or work out of the same location.

39.     Upon information and belief, at all relevant times, employees of the Company Defendants have performed the same or similar services for customers.

40.     Upon information and belief, at all relevant times, the Company Defendants have shared a common business purpose.

41.     Upon information and belief, at all relevant times, the Company Defendants have shared common operations.

42.     Upon information and belief, English, as controlling shareholder and/or corporate officer of the Company Defendants exercises complete control over the labor relations and finances of the Company Defendants, and was at all relevant times, and is now, directly

7

responsible for payment to the Fund of the fringe benefit contributions required to be paid to the Fund under the CBA and the Trust Agreements. As such, English is possessed of the power, authority, means, and responsibility to cause the Company Defendants to meet their obligations to the Fund.

43. Upon information and belief, English, among other acts and/or omissions, exercised this control to determine which employees were to be paid by which of the Company Defendants, and which employees were to have fringe benefit contributions paid into the Fund and which were not, and which employees were to perform work for the Company Defendants and which employees were to be recorded on the books and records of the Company Defendants.

44. Upon information and belief, by arranging to have work covered by Prime Security Services, Inc.'s CBA performed by employees paid by Prime Protective Services, Inc., Prime Protective, Inc., Prime Security & Investigative Services, Inc., and Prime Protective Bureau and by failing to remit required fringe benefit contributions to the Fund for the hours of work for such employees, and/or by virtue of the interchange of employees between and among the Company Defendants and/or the transfer of employees from the payroll of Prime Security Services, Inc. to the payroll of Prime Protective Services, Inc., Prime Protective, Inc., Prime Security & Investigative Services, Inc., and Prime Protective Bureau, defendants have knowingly failed to make payment to the Fund for which contributions to the Fund is required, with the intent and purpose of evading defendants' obligations under the CBA and the Trust Agreements.

45. By reason of the foregoing, the Company Defendants have been operated as a single enterprise and/or together constitute a single employer and/or joint employer and/or have been operated as alter egos of one another.

46.     By reason of the foregoing, the Company Defendants are each bound by the CBA and the Trust Agreements and are liable, jointly and severally, for unreported and unpaid fringe benefit contributions required to be paid to the Fund for hours of employment covered by Defendants' CBA and paid on the payroll of any of the Company Defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF

47.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 46 hereof, as if fully set forth herein and with the same force and effect.

48.     Pursuant to the terms of the CBA, the Company Defendants are subject to and bound by the Trust Agreements.

49.     Pursuant to § 209 of ERISA, 29 U.S.C. § 1059, the Company Defendants have a duty to maintain detailed records regarding the hours worked by employees for whom fringe benefit contributions have and/or are required to be paid into the Fund.

50.     Pursuant to the CBA and the Trust Agreement, the Company Defendants are required, *inter alia*, to file certain employer contribution reports with the Fund, and is further required to permit and cooperate in the conduct of audits of the Company Defendants' books and payroll records, and to furnish to the Fund with such information, books, records and reports as requested or required by the Fund to ensure compliance with the terms of the CBA, and to ascertain the amount of any fringe benefit contributions owed to the Fund.

51.     As determined by a payroll audit of the Company Defendants' books and records performed on behalf of the Fund (the "Audit"), there are delinquent fringe benefit contributions owed to the Fund from the Company Defendants for the period January 1, 2008 through December 31, 2013, in the sum of at least $170,093.72.

52.     The failure, refusal or neglect of the Company Defendants to make the required contribution payments to the Fund constitutes a violation of the CBA and of the Trust Agreements, and has injured the Fund by delaying the investment of contributions and causing unnecessary administrative expense to the Fund.

53.     Accordingly, the Company Defendants are liable, jointly and severally, to the Fund in the sum of at least $170,093.72 for unpaid contributions, plus liquidated damages and interest thereon from the time each payment came due, plus the attorneys' fees and costs of this action.

## AS AND FOR A THIRD CLAIM FOR RELIEF

54.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 53 hereof, as if fully set forth herein and with the same force and effect.

55.     Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

56.     The Fund is a multiemployer plan as defined in Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

57.     By virtue of the CBA, the Company Defendants are statutorily required to make contributions to the Fund pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

58.     The failure, refusal, or neglect of the Company Defendants to make the required contribution payments to the Fund constitutes a violation of the Company Defendants' statutory duty, and has injured the Fund by delaying the investment of contributions and causing unnecessary administrative expense to the Fund.

59.    Section 502 of ERISA, 29 U.S.C. § 1132, provides that upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff Fund the unpaid fringe benefit contributions, plus interest on the unpaid principal computed at a rate set forth in the plan, or if none, as set forth in the United States Internal Revenue Code [26 U.S.C. § 6621], plus an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the CBA and the Trust Agreements up to the sum of twenty percent (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

60.    Accordingly, pursuant to ERISA, 29 U.S.C. § 1132, the CBA and the Trust Agreements, plaintiffs are entitled to an award of all unpaid and unreported contributions, in the sum of at least $170,093.72, plus such additional sums for unpaid contributions as have and may hereafter come due during the pendency of this action, together with interest on the unpaid contributions at the rate set forth in the Trust Agreements, or as set forth in the United States Internal Revenue Code [26 U.S.C. § 6621], from the date each such unpaid contribution became due, plus an additional amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages as provided under the CBA and the Trust Agreements in the amount of up to the sum of twenty (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements, all pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

## AS AND FOR A FOURTH CLAIM FOR RELIEF

61.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 60 hereof, as if fully set forth herein and with the same force and effect.

62.     Pursuant to the CBA, defendants are obligated to remit to the Union amounts deducted from employee's wages for Union dues and initiation fees in accordance with the written authorizations from employees of defendant permitting such deductions.

63.     Upon information and belief, all employees of defendants covered by the CBA have provided defendants with written authorization to deduct and remit to the Union dues and initiation fees deducted from their wages.

64.     By deducting specified amounts from employee's wages for Union dues and initiation fees and failing to remit said amounts to the Union as payment of the employee's Union dues, defendants have breached the parties' CBA and damaged the Union.

65.     Since on or about January 2013, defendants have failed and refused to remit to the Union the Union dues and initiation fees deducted from employee's salaries and the Union has been damaged in the approximate sum of at least $29,000.

66.     Accordingly, defendants are liable to the Union in the approximate sum of at least $29,000 for unpaid Union dues and initiation fees, plus such additional sums as have and may hereafter come due during the pendency of this action, plus interest thereon and the reasonable attorney's fees and costs of this action.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

67.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 66 hereof, as if fully set forth herein and with the same force and effect.

68.     Defendants have failed to comply with its obligations to the plaintiffs and the Fund's participants and beneficiaries, despite demand for compliance, and thus, upon information and belief, unless this Court enjoins defendants from violating the CBA and Trust Agreements, defendants will continue to fail to timely remit required fringe benefit contributions

and union dues, causing additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Fund.

69.     Defendants continuing failure to comply with their obligation to plaintiffs and the Fund's participants has reduced the corpus and income of the Fund thereby jeopardizing the stability and soundness of the Fund as well as its ability to pay benefits to its participants.

70.     Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

71.     Unless this Court enjoins defendants from breaching the CBA and Trust Agreements, ERISA and LMRA and unless defendants are compelled to remit all union dues and fringe benefit contributions, and reports that become due or are determined to be due to plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the plaintiffs and the members of the Union and the Fund's participants and beneficiaries, by denial of relief, than could possibly be inflicted upon defendants by granting such relief.

**WHEREFORE**, plaintiffs demand judgment against defendants, as follows:

(a)     On the First Claim for Relief, entry of judgment declaring and determining that the Company Defendants are and at all relevant times have been operated as a single enterprise and/or together constitute a joint employer and/or are the alter egos of one another, and/or that defendants Prime Protective Services, Inc., and/or Prime Protective, Inc., and/or Prime Security & Investigative Services, LLC and/or Prime Protective Bureau are and have been a joint employer and/or are the alter egos of Prime Security Services, Inc. and that each is bound by the CBA and the Trust Agreements;

(b)     On the First Claim for Relief, entry of judgment declaring and determining that Terry English is and at all relevant times has acted as a fiduciary for Prime Protective Services,

Inc., Prime Protective, Inc., Prime Security & Investigative Services, LLC, Prime Security Services, Inc. and Prime Protective Bureau and is liable to the plaintiffs therefor;

(c)     On the Second Claim for Relief, entry of judgment awarding damages in the sum of at least $170,093.72 for unpaid welfare benefit contributions, plus liquidated damages and interest thereon from the time each payment was due, and that the defendants, jointly and severally, are liable to the plaintiffs therefor;

(d)     On the Second Claim for Relief, entry of judgment awarding damages for unpaid contributions, as have and may have hereafter come due during the pendency of this action, together with liquidated damages and interest thereon from the date due, and that the defendants, jointly and severally, are liable to the plaintiffs therefor;

(e)     On the Second Claim for Relief, entry of judgment awarding all costs, disbursements and reasonable attorneys' fees incurred by plaintiffs in this action, and that the defendants, jointly and severally, are liable to the plaintiffs therefor;

(f)     On the Third Claim for Relief, entry of judgment awarding damages for all unpaid contributions as required under the CBA, plus interest thereon from the time each such amount was due pursuant to the CBA and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

(g)     On the Third Claim for Relief, entry of judgment awarding an additional amount equal to the greater of (i) the amount of interest awarded pursuant to paragraph (c) above, or (ii) liquidated damages provided for under the CBA and/or Trust Agreements in the sum of twenty percent (20%) of the unpaid contributions, as provided in the CBA and mandated by ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

14

(h)     On the Third Claim for Relief, entry of judgment awarding damages for unpaid contributions as have and may hereafter come due during the pendency of this action, together with interest and liquidated damages thereon pursuant to the CBA and § 502(g)(2) of ERISA 29 U.S.C. § 1132(g)(2), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

(i)     On the Third Claim for Relief, entry of judgment awarding all costs, disbursements and reasonable attorneys' fees incurred, as provided in the CBA and mandated by ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

(j)     On the Fourth Claim for Relief, for all costs, disbursements and reasonable attorneys' fees incurred by plaintiff Union in this action;

(k)     On the Fourth Claim for Relief, damages in the approximate sum of at least $29,000 for unpaid Union dues and initiation fees due and owing the Union, plus interest thereon from the unpaid Union dues and initiation fees became due;

(l)     On the Fourth Claim for Relief, damages for unpaid Union dues and initiation fees as have and may have hereafter come due during the pendency of this action, together with interest thereon from the date due;

(m)     On the Fifth Claim for Relief, against defendants, an entry of judgment enjoining and requiring defendants to comply in all respects with the terms and conditions of the CBA and to pay the agreed upon union dues in accordance with its obligations under the CBA and the Trust Agreements; and

(n)     Directing such other and further relief as to this Court seems just and proper.

Dated: Melville, New York
       May 22, 2015

                                        ARCHER, BYINGTON, GLENNON & LEVINE LLP

                                        By:     _s/s Paula Clarity_
                                                Paula Clarity
                                        Attorneys for Plaintiffs
                                        One Huntington Quadrangle, Suite 4C10
                                        P.O. Box 9064
                                        Melville, New York 11747-9064
                                        (631) 249-6565
                                        E-mail: pclarity@abgllaw.com

744924